# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LONNIE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 C 1282 |
| v. ) | |
| ) | Judge John W. Darrah |
| CHICAGO BOARD OF EDUCATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is the Chicago Board of Education's Motion to Dismiss Certain Allegations of Lonnie Johnson's Complaint.[1] Defendant argues that Johnson's disability-discrimination claims, brought under the Americans with Disabilities Act ("ADA"), should be dismissed for failure to exhaust administrative remedies.

## BACKGROUND

Johnson is employed as a custodial worker at the Sauganash School by the Defendant. (Compl. ¶ 4). On March 7, 2007, Johnson, proceeding *pro se*, brought a Complaint in this Court against the Chicago Board of Education ("Board"). Johnson's Complaint alleges that beginning on April 17, 2006, the Board discriminated against her because of her disability, race, and sex and retaliated against her because, in 2004, she filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Compl. ¶¶ 9, 12, and 13). In her Complaint here, Johnson states as follows:

> (1) After I filed charges, [the] Board retaliated by memo stating I am enough [sic] workers to do the work of the removed janitor. (2) After an after-school function

---

[1] Johnson was given leave to file a response to Defendant's Motion to Dismiss. Johnson did not file a response.

> [on] 9/29/06 a child was left behind. On 9/26/06 I was absent 1/2 day. I was
> docked for the 1/2 day in retaliation for reporting a child left behind on 9/29/06.

(Compl. ¶ 13). Johnson's Complaint indicates that she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 17, 2006, and was issued a Notice of Right to Sue. (Compl. ¶¶ 7.1, 8).

Attached to Plaintiff's Complaint is a November 17, 2006 Charge of Discrimination filed with the EEOC, numbered 440-2007-01180. Also attached to Johnson's Complaint is the Notice of Right to Sue Letter, dated December 7, 2006, issued by the United States Department of Justice. The Notice of Right to Sue Letter references charge number 440-2007-01180.

With respect to the particulars of her charge of discrimination in November 2006 before the EEOC, Johnson's Charge of Discrimination states as follows:

> I was hired by the [Board] in October of 1989. My current position is custodian. On March 16, 2004 and on June 24, 2004, I filed EEOC charges of discrimination against the [Board] alleging race, sex, disability and retaliation discrimination. On April 17, 2006, I was given more work, on September 29, 2006, my pay was docked and I have been subject to hostile work environment since the filing of EEOC charges. I also believe that the [Board] segregates races and grants favors based upon, race, relatives, names, rules, and regulations, and that punishment is not consistent with [the Board's] policies.
>
> I believe I am still being discriminated against because of my race, Black, and sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended and I also believe I have been retaliated for filing prior charges of discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

(EEOC Charge of Discrimination, numbered 440-2007-01180). Johnson checked the "retaliation" box on the EEOC charge form. The form also includes several boxes, including one for discrimination based on disability. Johnson did not check this box.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In an influential 1957 decision, the Supreme Court interpreted this language to mean that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (*Conley*).

Recently, however, the Supreme Court reversed course, finding that "*Conley's* 'no set of facts' language has been questioned, criticized, and explained away long enough. . . . [A]fter puzzling the profession for 50 years, this famous observation has earned its retirement." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (*Bell Atlantic*). Of particular concern to the Supreme Court was that a focused and literal reading of *Conley's* "no set of facts" language would allow "a wholly conclusory statement of claim [to] survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Bell Atlantic*, 127 S. Ct. at 1968. "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1968 (internal citations omitted). The *Bell Atlantic* Court reasoned that "[we require] only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atlantic*, 127 S. Ct. at 1974.

The Supreme Court's reasoning in *Bell Atlantic* has been interpreted as a broad overruling of *Conley's* "no set of facts" language, applicable beyond the specific antitrust context of *Bell Atlantic*. See *In re Ocwen Loan Servicing, LLC Mortgage Servicing Litigation*, ___ F.3d ___, ___ (7th Cir. 2007), 2007 WL 1791004 at *8; *Walker v. S.W.I.F.T. SCRL*, 491 F.Supp.2d 781, 786-87 (N.D. Ill. 2007) (*Walker*). This new pleading standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]"; and "of course, a well pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Walker*, 491 F. Supp. 2d at 787. Accordingly, a plaintiff's claim will survive a motion to dismiss for failure to state a claim when "the claim [is] supported by facts that, if taken as true, at least plausibly suggest that [the plaintiff] is entitled to relief." *Messner v. Calderone*, 2007 WL 1832116, at *2 (N.D. Ill. June 25, 2007) (*Messner*).

## ANALYSIS

Defendant asserts that Plaintiff's ADA claims in the Complaint here are beyond the scope of Plaintiff's underlying EEOC charge and, thus, must be dismissed.

As a general rule, ADA claims that a plaintiff intends to pursue in federal court must first be presented to the EEOC or the claims must be like or reasonably related to the allegations of the EEOC charge and grow out of the EEOC charge. *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000); *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (*Cheek*). "[C]laims are not alike or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals." *Cheek*, 31 F.3d at 501.

4

Johnson's Complaint alleges that the Defendant violated the ADA because it failed to accommodate her disabilities. Johnson's EEOC charge, on the other hand, does not list disability as a basis for the charge – either by checking the box labeled "disability" on the charge form or by indicating that the Board was discriminating against her based upon her disability. A reading of Johnson's Complaint supports only an inference that she was alleging discrimination based on her sex and race, and in retaliation for bringing prior EEOC charges. (EEOC Charge of Discrimination, numbered 440-2007-01180) ("I believe I am still being discriminated against because of my race, Black, and sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended and I also believe I have been retaliated for filing prior charges of discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended."). The only reference to Johnson's disability in her November 2006 EEOC charge was a mention of her prior disability-related EEOC charges (which were filed with the EEOC almost two years before the present EEOC charge of discrimination). Johnson's prior EEOC charges are not currently before this Court, as Johnson neither referenced them in nor attached them to the Complaint.

Johnson's allegation of discrimination based on alleged violations of the ADA are not reasonably related to the allegations in the EEOC charge. "While 'technicalities are particularly inappropriate in a statutory scheme [like Title VII] in which laymen, unassisted by trained lawyers, initiate the process,' the requirement of some specificity in a[n EEOC] charge is not a 'mere technicality.'" *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1111 (7th Cir. 1992), *quoting Love v. Pullman Co.*, 404 U.S. 522, 527 (1972).

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Certain Allegations is granted as to Plaintiff Lonnie Johnson's Americans with Disabilities Act claims.

Dated: August 15, 2007

JOHN W. DARRAH
United States District Court Judge